UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SHAWN FEAON PICKENS.,

               Petitioner,

v.

MICHAEL BURGESS,

               Respondent.

_____/

Case No. 1:23-cv-106

Honorable Paul L. Maloney

## ORDER OF TRANSFER
## TO THE SIXTH CIRCUIT COURT OF APPEALS

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Petitioner Shawn Feaon Pickens is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Saginaw Correctional Facility (SRF) in Freeland, Saginaw County, Michigan.

By opinion, order, and judgment entered January 31, 2025, the Court denied the habeas petition for failure to raise a meritorious federal claim and denied a certificate of appealability. (ECF Nos. 16, 17, 18.) Petitioner filed a notice of appeal to the Sixth Circuit Court of Appeals. (ECF No. 21.) By order and judgment entered October 8, 2025, that court also denied a certificate of appealability. (ECF Nos. 23, 24.) This matter is now before the Court on Petitioner's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6).

Under the Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (AEDPA), "a state prisoner always gets one chance to bring a federal habeas challenge to his conviction. . . . But after that, the road gets rockier." *In re Hill*, 81 F.4th 560, 567 (6th Cir. 2023), *cert. denied sub nom. Hill v. Shoop*, 144 S. Ct. 2531 (2024) (quoting *Banister v. Davis*, 590

U.S. 504, 509 (2020)) (internal citation and quotation marks omitted). "For petitions filed after the first one—'second or successive' in the language of § 2244(b)—applicants must overcome strict limits before federal courts will permit them to seek habeas relief." *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016).

To file a second or successive application in a district court, a prisoner must first obtain leave from the court of appeals based on a 'prima facie showing' that his petition satisfies the statute's gatekeeping requirements." *Banister*, 590 U.S. at 509 (citing 28 U.S.C. § 2244(b)(3)(C), (b)(1) and (b)(2)). However, the district court is responsible to initially determine whether a petition is "second or successive." *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012).

This Court's consideration of a Rule 60(b) motion, under certain circumstances, might be inconsistent with 28 U.S.C. § 2244(b), which limits a petitioner's filing of a second or successive petition. *Gonzalez v. Crosby*, 545 U.S. 524 (2005); *Franklin v. Jenkins*, 839 F.3d 465 (6th Cir. 2016). Under *Gonzalez*, a Rule 60(b) motion is a second or successive habeas petition if it presents a claim—that is, "an asserted federal basis for relief from a state court's judgment of conviction." *Gonzalez*, 545 U.S. at 530. The Supreme Court identified several circumstances where a Rule 60(b) motion presents a claim: (1) where the motion seeks to present a new claim of constitutional error not previously presented; (2) where the motion seeks to present new evidence in support of a claim previously denied; or (3) where the motion contends that a subsequent change in substantive law warrants relief from the previous denial of a claim. *Id*. at 530–32. Similarly, a Rule 60(b) motion "can also be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim on the merits . . . ." *Id*. at 532 (emphasis in original).

The basis for Petitioner's motion is a claim that the Court mischaracterized Petitioner's first habeas ground: MR. PICKENS WAS DEPRIVED OF THE FAIR TRIAL

GUARANTEED BY THE US CONSTITUTION WHEN THE PROSECUTION KNOWINGLY PRESENTED FALSE IDENTIFICATION TESTIMONY BY YEMORA WILLIAMS, A KEY PROSECUTION WITNESS. (Pet., ECF No. 1, PageID.6.) This Court—and the Sixth Circuit Court of Appeals—construed this claim as challenging the prosecution's knowing presentation of false identification testimony. (Op., ECF No. 16, PageID.2763–2767; 6th Cir. Order, ECF No. 23.) It would be difficult to construe such unambiguous words any other way. Petitioner now claims, however, that "the core constitutional violation raised by the record was not perjury, but constitutionally unreliable eyewitness identification admitted in violation of due process." (Mot., ECF No. 26, PageID.2866.)

The Court concludes that Petitioner's motion "seeks to present a new claim of constitutional error not previously presented;" and, thus, presents a "claim" under *Gonzalez*. Because the motion presents a claim, Petitioner's motion is second or successive under the AEDPA. As noted above, before a second or successive application may be filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (circuit court may authorize the petition upon a *prima facie* showing that the claim satisfies § 2244(b)(2); to survive dismissal in the district court, the application must actually show the statutory standard). Petitioner did not seek the approval of the Sixth Circuit Court of Appeals before filing this petition. The appropriate disposition is a transfer of the case to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly,

**IT IS ORDERED** that this Petitioner's Rule 60(b) motion is transferred to the Sixth

Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.


Dated:    August 4, 2026                            /s/ Ray Kent
                                                    Ray Kent
                                                    United States Magistrate Judge